Citation Nr: 1228228 
Decision Date: 08/16/12 Archive Date: 08/21/12

DOCKET NO. 08-02 216 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania


THE ISSUE

Entitlement to service connection for the Veteran's cause of death.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

Appellant




ATTORNEY FOR THE BOARD

S. M. Marcus, Counsel


INTRODUCTION

The Veteran served on active duty from October 1950 to December 1953. The appellant is the Veteran's widow.

This matter is before the Board of Veterans' Appeals (Board) on appeal from a June 2007 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania. The Veteran had a hearing before the Board in May 2012 and the transcript is of record.

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required on her part.


REMAND

At the time of his death, the Veteran was service connected for posttraumatic stress disorder (PTSD), rated 10 percent disabling, and malaria and tonsillitis, both non-compensably rated.

The Veteran died on December [redacted], 2006. According to his death certificate, the primary causes of death were sepsis and pneumonia. Listed as a contributory factor was "PTSD (contributing to CAD)." The notation is inherently ambiguous because despite the reference to coronary artery disease (CAD), CAD was not listed as a primary or contributory cause of death.

In support of her claim, the appellant submitted an April 2007 statement from a private doctor indicating that PTSD "may have" contributed to the Veteran's CAD and a July 2007 statement from a VA cardiologist indicating CAD "may have" been a contributing factor in the Veteran's death. The VA cardiologist noted the opinion was solely based on a review of the medical records as the physician never saw the patient during his lifetime. 

In contrast, the VA obtained a VA medical opinion in October 2007 from a VA psychologist. Although acknowledging she was not a medical doctor, the examiner found no indication that the Veteran's PTSD had any significant material contribution to his death due to sepsis and pneumonia. While she indicated stress has been shown to be a contributor to health, there is no clear causal relationship between PTSD and CAD specifically. In any case, the examiner further noted the Veteran's death certificate and medical records do not indicate the Veteran died from CAD or CAD complications. 

The medical evidence is ambiguous and the Board concludes a decision cannot be made without an additional VA medical opinion reconciling the conflicting medical evidence. See Obert v. Brown, 5 Vet. App. 30, 33 (1993) (holding speculative or inclusive medical opinions are not probative). 

Accordingly, the case is REMANDED for the following action:

1. Obtain an appropriate VA medical opinion from a VA cardiologist to ascertain the likelihood that the Veteran's immediate cause of death or any underlying cause of death could be related to his military service or secondary to any service-connected condition. 

The claims folder must be reviewed by the examiner(s) and the examiner(s) should provide a complete rationale for any opinion given without resorting to speculation, specifically commenting on:

* Whether the Veteran's cause of death was caused by or otherwise connected to his coronary artery disease;

* If yes, whether "it is at least as likely as not" (50 percent probability or higher) that the Veteran's service-connected disabilities, specifically PTSD, contributed to his CAD or any other cause of death. 

* If no, whether "it is at least as likely as not" (50 percent probability or higher) that any of the Veteran's causes of death could be attributed to any service-connected condition.

The examiner(s) must resolve any conflicting medical evidence, especially the April 2007 private opinion, July 2007 VA cardiologist opinion, October 2007 VA psychologist opinion, and the death certificate. 

2. Then, readjudicate the appellant's claim. If the claim remains denied, issue a supplemental statement of the case (SSOC) to the appellant and her representative, and provide an opportunity to respond.

The appellant has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).
This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2002)



_________________________________________________
RONALD W. SCHOLZ
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2011).